### TOWN OF GROVELAND v. MacDONELL.
### No. 47.

Circuit Court, Lake County, Criminal Appeal.

July 1, 1958.

Clayton J. Weir and James Brett, both of Groveland, for appellant.

Zera D. Giles, Leesburg, for appellee.

T. G. FUTCH, Circuit Judge.

This is an appeal from the municipal court of the town of Groveland, a municipal corporation in Lake County.

The appellant was tried and convicted on a charge of "Operating a motor vehicle on the streets of Groveland while under the influence of intoxicating liquor, wine, beer, or drugs to the extent his normal faculties were impaired." The offense is alleged to have taken place on the 31st day of March, 1958, and trial and conviction was had before the mayor of the town of Groveland, acting as municipal judge, on the ninth day of April, 1958, and thereafter appeal was made to this court.

The appellant makes eight distinct assignments of error. In view of the record of the trial and the evidence, it is unnecessary to consider any assignment of error except the insufficiency of the evidence as presented by assignments five and six, and the assignment that the appellant was not afforded a fair trial by an impartial judge, as presented by assignment number seven.

The record fails to disclose at any place that the appellant was ever advised by the policemen that he was being placed under arrest or that he had been placed under arrest. However, in view of the treatment which the two policemen admit they accorded the appellant, he doubtless gained an idea that he was in some sort of custody. When he was finally thrown in jail by the policemen he was in such condition from blows administered by the policemen with their clubs, that they evidently thought it advisable to summon medical aid for him and they did summon Dr. George B. Hoffeld, a local doctor maintaining his office in the town of Groveland. According to the testimony he reached the jail where the appellant was incarcerated shortly after he was placed therein. He stated that he reached the appellant about two o'clock in the afternoon of March 31st, which corresponds almost exactly with the estimate of time made by the chief of police, C. T. Hooten, who initially stopped the appellant prior to being placed in jail. At most, he was not many minutes in reaching the appellant after he had been placed in jail by the police force. The doctor states very positively in his testimony that although he stayed with him and examined him for approximately half an hour, including treatment of his wounds, the appellant was not intoxicated and that he could not have been intoxicated an hour before that time; that the appellant had his normal faculties when he first saw him and that any beating he might have received at the hands of the police, or other treatment at their hands, would not have restored his normal faculties if they had been impaired beforehand.

Mr. Hooten, the chief of police, at no time during his testimony, made any statement that the appellant was not in possession of his normal faculties or that his normal faculties had been impaired. His strongest testimony to that effect was in direct answer to the prosecuting attorney's question, that the appellant was "under the influence of intoxicants to some degree." The other policeman, Mr. Butler, evidently noticed nothing peculiar about appellant's driving when he saw him going down the street, because he did not concern himself with the appellant until he was summoned or called by his chief, Mr. Hooten. His strongest testimony, like that of his chief, was that the appellant was "under the influence of intoxicants to some extent."

A truck driver by the name of Clifford A. Mobley was called as a witness by the prosecution because he was summoned or called into the fray by the chief of police, to assist the two policemen in overpowering the appellant when they were trying to get him out of his car to take him to jail. He states that judging from the way appellant talked, he was intoxicated. This is explained by testimony, uncontradicted, that the appellant has suffered an operation in his throat, in connection with his trachea and that as a result of the operation, he has a permanent impediment in his speech and the truck driver, Mobley, had never seen the man before.

A deputy sheriff was summoned to the scene, but apparently did not arrive until the two policemen, together with the truck driver, had succeeded in placing him in the police car and taking him to jail. He reached Groveland after the appellant had been moved, because after finding appellant's car standing by the road with no one in attendance, he drove back uptown where he contacted the chief of police and at the request of the chief of police, he, Mr. Jones, the deputy sheriff, drove appellant's car back to the jail. The doctor reached the scene just a few minutes after deputy Jones reached there, which would of course be after he had been manhandled by the policemen to such an extent that the police felt it necessary to summon a doctor.

It is quite evident that deputy sheriff Jones patterned his evidence after that of the two policemen and on what they told him, because he saw the appellant only a few minutes before the doctor arrived and it goes without saying that anyone free from prejudice would accept the testimony of the doctor in preference to that of the deputy sheriff under the circumstances revealed by this record.

The record unquestionably shows that the mayor, acting as municipal judge, had made up his mind in advance to back up the policemen and in fact he had hunted up and summoned one witness

who apparently the police knew nothing about, to testify in behalf of the prosecution.

From the record, it is clear that the appellant was not proven guilty by a preponderance of the evidence, or even by any weight of the evidence whatsoever, and that he should have been found and adjudged not guilty.

Accordingly, it is ordered and adjudged that the municipal court of the town of Groveland, vacate and set aside the finding and judgment of guilty, together with the penalty imposed by reason thereof and enter in place and stead thereof, a finding and judgment of not guilty, discharging the appellant without day, and that the town of Groveland pay all the expense of this appeal, including the fees and charges of the court reporter for taking and reporting the testimony of the trial in the municipal court; and that this court will retain jurisdiction for the purpose of entering judgment enforcing the payment of such costs if not paid promptly without the entry of such judgment.